**UNITED STATES of America, Appellee,**

v.

**Bonifacio MORENO,\* Defendant–Appellant.**

No. 06–5281–cr.

United States Court of Appeals, Second Circuit.

April 23, 2008.

---

\* The Clerk of Court is directed to correct the

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Lev L. Dassin, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Jocelyn E. Strauber, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Bonifacio Moreno appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Lynch, *J.*) on November 13, 2006, sentencing him principally to 46 months' imprisonment. Moreno was convicted after a guilty plea to illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The 46–month sentence represents the bottom of the applicable advisory Guidelines range of 46 to 57 months. Moreno challenges his sentence as procedurally unreasonable, chiefly on the ground that the district court gave "presumptive weight" to the Guidelines.

Sentencing entails a two-step procedure. First, the sentencing court must determine

official caption.

the applicable Guidelines range, which "[a]s a matter of administration and to secure nationwide consistency, ... should be the starting point and the initial benchmark." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Second, the sentencing court must consider that range, along with the other factors listed in 18 U.S.C. § 3553(a) and "make an individualized assessment [of the defendant] based on the facts presented." *Gall,* 128 S.Ct. at 596–97.

The record here reflects that the sentencing court followed this procedure, giving consideration to the § 3553(a) factors in order to fashion "a sentence sufficient, but not greater than necessary" to serve the purposes of sentencing. 18 U.S.C. § 3553(a). That the court might have used the applicable Guidelines range as "a benchmark or a point of reference or departure" does not constitute procedural error. *United States v. Rubenstein,* 403 F.3d 93, 98–99 (2d Cir.2005).

Moreno also argues that the district court erred in declining to weigh the "unwarranted sentence disparities" created by the government's fast-track programs in other districts. 18 U.S.C. § 3553(a)(6). We rejected the same argument in *United States v. Mejia,* 461 F.3d 158 (2d Cir.2006), and decline to revisit that decision here.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.